IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

            v.                                       04-cr-185-wmc-01

MODINA LIM,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Modina Lim's supervised release was held on September 22, 2010, before U.S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Peter M. Jarosz. Defendant was present in person and by counsel Attorney David Mandell. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record the court makes the following findings of fact.

## FACTS

The defendant was sentenced in the Western District of Wisconsin on May 9, 2005, following his conviction for possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5845 & 5861(d), a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 27 months, with a 36-month term of supervised release to follow.

On January 16, 2009, the defendant began his term of supervised release after being released from a Wisconsin Department of Corrections detainer. He violated the statutory

condition requiring him to report to the probation office in the district to which he was released within 72 hours, when he failed to report to the U.S. Probation Office in the Western District of Wisconsin. Far worse, the defendant violated the statutory condition prohibiting him from committing another federal, state, or local crime, and Standard Condition No. 7 prohibiting him from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, when he was arrested on March 10, 2010, in possession of approximately 2,750 grams of marijuana. On July 21, 2010, he pled guilty in federal court to possession with intent to distribute marijuana.

Defendant's conduct falls into the category of a Grade A violation, as defined by USSG §7B1.1(a)(1). In addressing such violations, USSG §7B1.3(a)(1) provides that the Court shall revoke supervised release. Upon a finding that the defendant possessed a controlled substance, 18 U.S.C. § 3583(g)(1) requires that the Court revoke supervised release.

## CONCLUSIONS

The defendant's violations require revocation. Accordingly, the three-year term of supervised release imposed on the defendant on May 9, 2005, will be revoked.

The defendant's criminal history category is I. A Grade A violation and a criminal history category of I result in a guideline imprisonment range of 12 to 18 months. The statutory maximum to which the defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which

the defendant was sentenced previously was a Class C felony. The Court has selected a sentence at the bottom of the guideline range in light of his related sentence today for the underlying conduct that prompted this revocation. The intent of this sentence is to hold the defendant accountable for his violations and to provide a general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on the defendant on May 9, 2005, is REVOKED and the defendant is committed to the custody of the Bureau of Prisons for a term of 12 months. It is further ordered that the sentence be served consecutive to the sentence imposed in Western District of Wisconsin Case No. 10-CR-63-wmc-02. No term of supervised release is ordered to follow imprisonment as to this sentence.

The defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 22nd day of September, 2010 .

BY THE COURT:
/s/

_____
William M. Conley
U.S. District Judge